UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 17-00155 (RMC) |
| | : | |
| v. | : | |
| | : | |
| MOHAMED HASSAN GUREY | : | VIOLATIONS: |
| a/k/a YOHANNES M. GEBRESEMAYAT | : | 18 U.S.C. § 1344(2) (Bank Fraud) |
| a/k/a YOHANNES G. MAMO, | : | 18 U.S.C. § 1028A (Aggravated |
| | : | Identity Theft) |
| Defendant. | : | 18 U.S.C. § 666(a)(1)(A) (Theft |
| | : | Concerning Programs Receiving Federal |
| | : | Funds) |
| | : | 22 D.C. Code §§ 22-3221(a), |
| | : | 22-3222(a)(1) (First Degree Fraud) |
| | : | 18 U.S.C. § 1957 (Engaging in Monetary |
| | : | Transactions in Property Derived From |
| | : | Specified Unlawful Activity) |
| | : | |
| | : | FORFEITURE ALLEGATION: |
| | : | 18 U.S.C. §§ 982(a)(1), (a)(2)(A),(a)(3); |
| | : | 21 U.S.C. § 853(p) |
| | : | |
| | : | <u>UNDER SEAL</u> |

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

At all times material to this Superseding Indictment:

### Introduction

1. The defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, resided at 2038 Columbia Pike, Apt. #2, Arlington, Virginia, 22204.

2. The Congressional Hunger Center was a non-profit organization located in the District of Columbia, which worked to create leadership development opportunities for anti-

hunger programs within the United States and across the world. The Congressional Hunger Center operated in, and its activities affected, interstate and foreign commerce.

3. Between 2010 and 2016, the Congressional Hunger Center applied for federally appropriated funding in the form of non-competitive grants from the U.S. Department of Agriculture's Food and Nutrition Service ("USDA").

4. Effective September 30, 2010, the Congressional Hunger Center received a grant in the amount of $3,000,000.00 from USDA to provide federal support for the Congressional Hunger Center's national and international fellowship programs.

5. Effective March 1, 2011, the Congressional Hunger Center received a grant in the amount of $1,273,800.00 from USDA to provide federal support for the Congressional Hunger Center's national and international fellowship programs.

6. Effective July 1, 2012, the Congressional Hunger Center received a grant in the amount of $2,000,000.00 from USDA to provide federal support for the Congressional Hunger Center's national and international fellowship programs.

7. Effective July 1, 2013, the Congressional Hunger Center received a grant in the amount of $1,845,229.00 from USDA to provide federal support for the Congressional Hunger Center's national and international fellowship programs.

8. Effective March 18, 2014, the Congressional Hunger Center received a grant in the amount of $2,000,000.00 from USDA to provide federal support for the Congressional Hunger Center's national and international fellowship programs.

9. Effective February 19, 2015, the Congressional Hunger Center received a grant in the amount of $2,000,000.00 from USDA to provide federal support for the Congressional Hunger Center's national and international fellowship programs.

10. Effective January 15, 2016, the Congressional Hunger Center received a grant in the amount of $2,000,000.00 from USDA to provide federal support for the Congressional Hunger Center's national and international fellowship programs.

11. The Congressional Hunger Center deposited the funding from the USDA grants into a business banking account for its fellowship programs at Bank of America, N.A. ("Bank of America") (account number xxxx xxxx 9164).

12. The Congressional Hunger Center also maintained a business banking account for its general office budget at Bank of America (account number xxxx xxxx 9193).

13. According to the Congressional Hunger Center's procedures, checks issued by the Congressional Hunger Center in amounts over $1,000 required the signatures of two authorized Congressional Hunger Center employees.

14. Between 2001 and December 2016, the defendant MOHAMED HASSAN GUREY was the Director of Finance for the Congressional Hunger Center, and was responsible for handling the Congressional Hunger Center's bookkeeping, payables and receivables, monthly and quarterly financial reports, audits, and accounting.

15. The defendant MOHAMED HASSAN GUREY opened and maintained a checking account in his name at Wells Fargo Bank, N.A. ("Wells Fargo Bank") (account number xxxxxxxxx4209).

16. Bank of America was federally insured by the Federal Deposit Insurance Corporation and was a financial institution as defined in Title 18, United States Code, Section 20, with branches in the District of Columbia and elsewhere.

## COUNT ONE
## (Bank Fraud)

17. The allegations set forth in paragraphs 1 through 16 of this Superseding Indictment are realleged and incorporated by reference.

### The Scheme to Defraud

18. Between on or about February 24, 2011, and December 5, 2016, within the District of Columbia and elsewhere, the defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution, to wit, Bank of America, which was a financial institution with accounts insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, credits, and assets owned by and under the custody and control of Bank of America by means of materially false and fraudulent pretenses, representations, and promises, to wit, presenting Congressional Hunger Center checks with the forged signatures of M.Z., E.C., and K.A., for deposit at his account at Wells Fargo Bank, to wit, an account in the name of the defendant MOHAMED HASSAN GUREY (account number xxxxxxxx4209).

### Object of the Scheme

19. An object of the scheme was for the defendant MOHAMED HASSAN GUREY to fraudulently obtain monies, funds, credits, and assets owned by and under the custody and control of Bank of America for his own benefit and use and the benefit and use of others.

### Manner and Means of the Scheme

20. As a part of the scheme and artifice to defraud, and to obtain monies, funds, credits, and assets from Bank of America by means of materially false and fraudulent pretenses, representations, and promises, the defendant MOHAMED HASSAN GUREY took blank checks from the Congressional Hunger Center's office in the District of Columbia and then issued those

checks, payable to "MOHAMED H. GUREY" at 2038 Columbia Pike, Apt. #2, Arlington, Virginia, 22204, by forging the signatures of Congressional Hunger Center employees M.Z., E.C., and K.A., on those checks.

21. As a further part of the scheme and artifice to defraud, the defendant MOHAMED HASSAN GUREY endorsed these Congressional Hunger Center checks by signing the back of them with his own signature before depositing them into his account at Wells Fargo Bank (account number xxxxxxxxx4209), including the following checks:

|    | Check Date | Check Number | Signature Forged/Identity Used | Amount |
|----|------------|--------------|-------------------------------|--------|
| 1  | 2/24/2011  | 11448        | M.Z.                          | $ 4,825.00 |
| 2  | 3/17/2011  | 11515        | M.Z.                          | $ 4,525.00 |
| 3  | 5/5/2011   | 11610        | M.Z.                          | $ 4,875.00 |
| 4  | 6/30/2011  | 11680        | M.Z.                          | $ 4,725.00 |
| 5  | 6/30/2011  | 11681        | M.Z.                          | $ 3,500.00 |
| 6  | 8/11/2011  | 11798        | M.Z.                          | $ 21,678.00 |
| 7  | 11/10/2011 | 11935        | M.Z.                          | $ 15,875.25 |
| 8  | 2/16/2012  | 12040        | M.Z.                          | $ 19,565.00 |
| 9  | 5/17/2012  | 9444         | M.Z.                          | $ 19,250.50 |
| 10 | 8/2/2012   | 12301        | E.C.                          | $ 19,725.00 |
| 11 | 8/30/2012  | 12362        | E.C.                          | $ 12,500.00 |
| 12 | 11/8/2012  | 9596         | E.C.                          | $ 19,048.80 |
| 13 | 1/31/2013  | 9669         | E.C.                          | $ 18,160.00 |
| 14 | 5/9/2013   | 9727         | E.C.                          | $ 18,600.00 |

|    | Check Date | Check Number | Signature Forged/Identity Used | Amount |
|----|------------|--------------|-------------------------------|--------|
| 15 | 8/1/2013   | 9803         | E.C.                          | $ 19,500.00 |
| 16 | 9/12/2013  | 9840         | K.A.                          | $ 18,550.00 |
| 17 | 12/5/2013  | 12909        | K.A.                          | $ 8,000.00 |
| 18 | 12/5/2013  | 9892         | K.A.                          | $ 9,500.00 |
| 19 | 2/6/2014   | 12959        | E.C.                          | $ 6,500.00 |
| 20 | 2/6/2014   | 9942         | E.C.                          | $ 13,150.00 |
| 21 | 5/15/2014  | 10002        | E.C.                          | $ 17,500.00 |
| 22 | 5/15/2014  | 13089        | E.C.                          | $ 4,600.00 |
| 23 | 7/10/2014  | 13122        | E.C.                          | $ 3,500.00 |
| 24 | 7/10/2014  | 10057        | E.C.                          | $ 16,250.00 |
| 25 | 8/7/2014   | 10073        | K.A.                          | $ 7,500.00 |
| 26 | 8/7/2014   | 13182        | K.A.                          | $ 8,200.00 |
| 27 | 10/2/2014  | 10119        | E.C.                          | $ 12,560.00 |
| 28 | 10/2/2014  | 13249        | E.C.                          | $ 8,100.00 |
| 29 | 11/6/2014  | 10134        | K.A.                          | $ 16,400.00 |
| 30 | 11/8/2014  | 13285        | K.A.                          | $ 4,600.00 |
| 31 | 12/17/2014 | 10166        | E.C.                          | $ 8,200.00 |
| 32 | 1/15/2015  | 10186        | K.A.                          | $ 12,500.00 |
| 33 | 1/15/2015  | 13321        | K.A.                          | $ 4,600.00 |
| 34 | 3/12/2015  | 10223        | E.C.                          | $ 12,500.00 |
| 35 | 3/12/2015  | 13373        | E.C.                          | $ 4,600.00 |

|    | Check Date | Check Number | Signature Forged/Identity Used | Amount |
|----|------------|--------------|-------------------------------|--------|
| 36 | 5/7/2015   | 10261        | E.C. | $ 12,500.00 |
| 37 | 5/7/2015   | 13467        | E.C. | $ 5,500.00 |
| 38 | 6/18/2015  | 10296        | E.C. | $ 8,600.00 |
| 39 | 8/10/2015  | 10355        | K.A. | $ 9,250.00 |
| 40 | 8/13/2015  | 10343        | K.A. | $ 7,500.00 |
| 41 | 8/13/2015  | 13565        | K.A. | $ 8,100.00 |
| 42 | 8/17/2015  | 13624        | K.A. | $ 5,000.00 |
| 43 | 11/12/2015 | 10395        | K.A. | $ 12,500.00 |
| 44 | 11/12/2015 | 13692        | K.A. | $ 7,800.00 |
| 45 | 12/10/2015 | 10422        | K.A. | $ 12,750.00 |
| 46 | 12/10/2015 | 13703        | K.A. | $ 6,500.00 |
| 47 | 1/7/2016   | 10437        | K.A. | $ 12,100.00 |
| 48 | 1/7/2016   | 13711        | K.A. | $ 9,650.00 |
| 49 | 3/3/2016   | 10471        | K.A. | $ 12,750.00 |
| 50 | 3/3/2016   | 13772        | K.A. | $ 7,500.00 |
| 51 | 4/7/2016   | 10481        | K.A. | $ 12,750.00 |
| 52 | 4/7/2016   | 13810        | K.A. | $ 9,500.00 |
| 53 | 4/14/2016  | 10493        | K.A. | $ 19,200.00 |
| 54 | 5/2/2016   | 10497        | K.A. | $ 16,200.00 |
| 55 | 5/2/2016   | 13822        | K.A. | $ 8,650.00 |
| 56 | 5/2/2016   | 13844        | K.A. | $ 4,500.00 |

|    | Check Date | Check Number | Signature Forged/Identity Used | Amount |
|----|------------|--------------|-------------------------------|--------|
| 57 | 5/12/2016  | 10505        | K.A.                          | $ 14,250.00 |
| 58 | 6/2/2016   | 10518        | K.A.                          | $ 19,200.00 |
| 59 | 7/1/2016   | 10544        | K.A.                          | $ 12,750.00 |
| 60 | 7/1/2016   | 13876        | K.A.                          | $ 7,500.00 |
| 61 | 7/14/2016  | 10548        | K.A.                          | $ 14,250.00 |
| 62 | 7/14/2016  | 13883        | K.A.                          | $ 7,500.00 |
| 63 | 8/1/2016   | 10558        | K.A.                          | $ 12,750.00 |
| 64 | 8/1/2016   | 13884        | K.A.                          | $ 8,500.00 |
| 65 | 8/11/2016  | 10568        | K.A.                          | $ 9,600.00 |
| 66 | 8/11/2016  | 13889        | K.A.                          | $ 8,500.00 |
| 67 | 8/18/2016  | 10569        | K.A.                          | $ 16,200.00 |
| 68 | 8/18/2016  | 13890        | K.A.                          | $ 8,400.00 |
| 69 | 8/25/2016  | 10571        | K.A.                          | $ 19,200.00 |
| 70 | 8/25/2016  | 13907        | K.A.                          | $ 7,200.00 |
| 71 | 9/5/2016   | 10579        | K.A.                          | $ 16,200.00 |
| 72 | 9/5/2016   | 13911        | K.A.                          | $ 8,000.00 |
| 73 | 9/15/2016  | 10587        | K.A.                          | $ 19,700.00 |
| 74 | 9/15/2016  | 13947        | K.A.                          | $ 8,900.00 |
| 75 | 9/22/2016  | 10591        | K.A.                          | $ 16,700.00 |
| 76 | 9/22/2016  | 13967        | K.A.                          | $ 5,500.00 |
| 77 | 10/6/2016  | 10599        | K.A.                          | $ 16,200.00 |

|    | Check Date | Check Number | Signature Forged/Identity Used | Amount |
|----|------------|--------------|-------------------------------|--------|
| 78 | 10/6/2016  | 13971        | K.A.                          | $ 8,600.00 |
| 79 | 10/20/2016 | 10608        | K.A.                          | $ 19,200.00 |
| 80 | 10/20/2016 | 13995        | K.A.                          | $ 8,700.00 |
| 81 | 10/27/2016 | 10610        | K.A.                          | $ 16,750.00 |
| 82 | 10/27/2016 | 14003        | K.A.                          | $ 9,500.00 |
| 83 | 11/10/2016 | 10617        | K.A.                          | $ 19,200.00 |
| 84 | 11/10/2016 | 14006        | K.A.                          | $ 14,750.00 |
| 85 | 11/24/2016 | 10620        | K.A.                          | $ 18,600.00 |
| 86 | 11/24/2016 | 14015        | K.A.                          | $ 12,500.00 |
| 87 | 12/5/2016  | 10621        | K.A.                          | $ 12,500.00 |

22. As a further part of the scheme and artifice to defraud, the defendant MOHAMED GUREY issued checks from the Congressional Hunger Center, payable to "CASH", and forged the signatures of Congressional Hunger Center employees M.Z. and E.C. on those checks.

23. As a further part of the scheme and artifice to defraud, the defendant MOHAMED HASSAN GUREY endorsed these Congressional Hunger Center checks by signing the back of them with his own signature before cashing them, including the following checks:

|    | Check Date | Check Number | Signature Forged/ Identity Used | Amount |
|----|------------|--------------|--------------------------------|--------|
| 1  | 5/26/2011  | 11623        | M.Z.                           | $ 4,200.00 |
| 2  | 7/7/2011   | 11685        | M.Z.                           | $ 600.00 |
| 3  | 2/9/2012   | 12031        | M.Z.                           | $ 200.00 |

|   | Check Date | Check Number | Signature Forged/ Identity Used | Amount |
|---|---|---|---|---|
| 4 | 7/8/2015 | 13525 | E.C. | $ 4,250.00 |

24. As a further part of the scheme and artifice to defraud, the defendant MOHAMED HASSAN GUREY used the Congressional Hunger Center's debit card to make unauthorized cash withdrawals from the Congressional Hunger Center's general office budget account at Bank of America (account number xxxx xxxx 9193), including the following debit transactions:

|   | Debit Date | Debit Description | Debit Location | Amount |
|---|---|---|---|---|
| 1 | 8/29/2016 | Maryland Live Debit | Hanover, MD | $ 5,177.95 |
| 2 | 8/29/2016 | Maryland Live Debit | Hanover, MD | $ 2,590.45 |
| 3 | 8/29/2016 | Maryland Live Debit | Hanover, MD | $ 3,625.45 |
| 4 | 8/29/2016 | Ditronics Debit | Hanover, MD | $ 504.99 |
| 5 | 8/29/2016 | Bank of America ATM | Bailey's Crossroads, VA | $ 500.00 |
| 6 | 9/6/2016 | Maryland Live Debit | Hanover, MD | $ 5,177.95 |
| 7 | 9/12/2016 | Maryland Live Debit | Hanover, MD | $ 5,177.95 |
| 8 | 9/15/2016 | Maryland Live Debit | Hanover, MD | $ 3,625.45 |
| 9 | 9/19/2016 | Maryland Live Debit | Hanover, MD | $ 5,177.95 |
| 10 | 9/23/2016 | Maryland Live Debit | Hanover, MD | $ 5,177.95 |
| 11 | 9/26/2016 | Maryland Live Debit | Hanover, MD | $ 3,107.95 |
| 12 | 10/3/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 13 | 10/7/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 14 | 10/11/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 15 | 10/20/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 16 | 10/24/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 17 | 10/24/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |

|    | Debit Date | Debit Description | Debit Location | Amount |
|----|------------|-------------------|----------------|--------|
| 18 | 10/31/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 19 | 10/31/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 20 | 10/31/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 21 | 11/7/2016  | Maryland Live Debit | Hanover, MD | $ 3,000.00 |
| 22 | 11/7/2016  | Maryland Live Debit | Hanover, MD | $ 4,000.00 |
| 23 | 11/7/2016  | Maryland Live Debit | Hanover, MD | $ 5,500.00 |
| 24 | 11/14/2016 | Maryland Live Debit | Hanover, MD | $ 1,700.00 |
| 25 | 11/14/2016 | Maryland Live Debit | Hanover, MD | $ 300.00 |
| 26 | 11/14/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 27 | 11/14/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 28 | 11/14/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 29 | 11/21/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 30 | 11/21/2016 | Maryland Live Debit | Hanover, MD | $ 4,000.00 |
| 31 | 11/28/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 32 | 11/28/2016 | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 33 | 11/28/2016 | Maryland Live Debit | Hanover, MD | $ 2,000.00 |
| 34 | 12/2/2016  | Maryland Live Debit | Hanover, MD | $ 5,000.00 |
| 35 | 12/5/2016  | Maryland Live Debit | Hanover, MD | $ 6,500.00 |
| 36 | 12/5/2016  | Maryland Live Debit | Hanover, MD | $ 5,000.00 |

25. The defendant MOHAMED HASSAN GUREY executed and attempted to execute this scheme and artifice to defraud on at least 127 different occasions for a total gain to himself and others of at least $1,170,856.59.

**(Bank Fraud, in violation of Title 18, United States Code, Section 1344(2))**

## COUNT TWO
### (Aggravated Identity Theft)

26. The allegations set forth in paragraphs 1 through 25 of this Superseding Indictment are realleged and incorporated by reference.

27. On or about the dates set forth above, within the District of Columbia and elsewhere, the defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and purported signature of M.Z., during and in relation to a certain felony offense, to wit, Bank Fraud, as alleged in Count One of this Superseding Indictment as set forth above.

**(Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A)**

## COUNT THREE
### (Aggravated Identity Theft)

28. The allegations set forth in paragraphs 1 through 25 of this Superseding Indictment are realleged and incorporated by reference.

29. On or about the dates set forth above, within the District of Columbia and elsewhere, the defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and purported signature of E.C. during and in relation to a certain felony offense, to wit, Bank Fraud, as alleged in Count One of this Superseding Indictment as set forth above.

**(Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A)**

## COUNT FOUR
### (Aggravated Identity Theft)

30. The allegations set forth in paragraphs 1 through 25 of this Superseding Indictment are realleged and incorporated by reference.

31. On or about the dates set forth above, within the District of Columbia and elsewhere, the defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and purported signature of K.A., during and in relation to a certain felony offense, to wit, Bank Fraud, as alleged in Count One of this Superseding Indictment as set forth above.

**(Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A)**

## COUNT FIVE
### (Theft Concerning Programs Receiving Federal Funds)

32. The allegations set forth in paragraphs 1 through 25 of this Superseding Indictment are realleged and incorporated by reference.

33. From between on or about February 24, 2011, and December 5, 2016, within the District of Columbia and elsewhere, the defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, as an agent of the Congressional Hunger Center, receiving in the calendar years 2011 through 2016 benefits in excess of $10,000 from the U.S. Department of Agriculture Food and Nutrition Service, embezzled, stole, obtained by fraud, without authority knowingly converted to his own use, and intentionally misapplied property worth at least $5,000 and owned by and under the care, custody, and control of the Congressional Hunger Center, that is, approximately $1,170,856.59 in monies.

**(Theft Concerning Programs Receiving Federal Funds, in violation of Title 18, United States Code, Section 666(a)(1)(A))**

## COUNT SIX
### (First Degree Fraud)

34. The allegations set forth in paragraphs 1 through 25 of this Superseding Indictment are realleged and incorporated by reference.

35. Between on or about February 24, 2011, and December 5, 2016, within the District of Columbia, the defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of the Congressional Hunger Center by means of false and fraudulent pretense, representation, and promise and thereby obtained property of a value of more than $1,000 or cause the loss of property of a value of more than $1,000 belonging to the Congressional Hunger Center, consisting of money.

**(First Degree Fraud, in violation of 22 District of Columbia Code, Sections 3221(a) and 3222(a)(1))**

## COUNT SEVEN
### (Engaging In Monetary Transactions In Property Derived From Specified Unlawful Activity)

36. The allegations set forth in paragraphs 1 through 25 of this Superseding Indictment are re-alleged and incorporated by reference.

37. On or about December 5, 2016, in the District of Maryland and elsewhere, the defendant MOHAMED HASSAN GUREY, also known as YOHANNES M. GEBRESEMAYAT and YOHANNES G. MAMO, did knowingly engage and attempt to engage in a monetary transaction totaling $11,500 by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property was

derived from specified unlawful activity, that is, Bank Fraud and Theft Concerning Programs Receiving Federal Funds.

**(Engaging In Monetary Transactions In Property Derived From Specified Unlawful Activity, in violation of Title 18, United States Code, Section 1957)**

## FORFEITURE ALLEGATION

1.	Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, constituting or derived from, proceeds the person obtained directly or indirectly as a result of this violation, pursuant to 18 U.S.C. § 982(a)(2)(A). The United States will also seek a forfeiture money judgment against the defendant of at least $1,170,856.59.

2.	Upon conviction of the offense alleged in Count Five, the defendant shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation, pursuant to 18 U.S.C. § 982(a)(3). The United States will also seek a forfeiture money judgment against the defendant of at least $1,170,856.59.

3.	Upon conviction of the offense alleged in Count Seven, the defendant shall forfeit to the United States any property, real or personal, involved in this offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). The United States will also seek a forfeiture money judgment against the defendant of at least $11,500.

4.	If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a.	cannot be located upon the exercise of due diligence;

   b.	has been transferred or sold to, or deposited with, a third party;

   c.	has been placed beyond the jurisdiction of the Court;

   d.	has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty; the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(1), (a)(2)(A), and (a)(3); and Title 21, United States Code, Section 853(p))**

A TRUE BILL:


FOREPERSON

*Channing D Phillips/mz*
Attorney of the United States in
and for the District of Columbia